# SOUTHWESTERN INSURANCE COMPANY,
## *Appellant,*
### *v.*
# WINN, *Respondent.*
### 548 P2d 1311

*Gregory W. Byrne,* Portland, argued the cause for appellant. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe.

*Keith R. Swensen,* Portland, argued the cause for respondent. With him on the brief was Thomas K. Thorpe.

Before O'Connell, Chief Justice, and McAllister, Denecke, Holman, Howell, and Bryson, Justices.

McALLISTER, J.

## McALLISTER, J.

The plaintiff, Southwestern Insurance Company, brought this action for declaratory relief seeking a judgment that it was not obligated to provide personal injury protection benefits to its insured, the defendant Douglas Winn.

The case was tried to the court which said that there was no dispute about the facts, which it found as follows:

"1. The defendant is the named insured of an auto liability policy issued by plaintiff. This policy contained an 'Oregon Automobile Personal Injury Protection Endorsement' (PIP), the terms of which are set forth in Exhibit 'A' to the complaint.

"2. While plaintiff's policy was in force, on September 26, 1974, Defendant was injured while riding as a guest passenger in the Eby automobile.

"3. At the time of the accident the Eby automobile was also covered by 'PIP' insurance coverage, through a policy issued by Farmers Insurance Company. The specific terms of the Farmers policy were not introduced in evidence. It was alleged and conceded, however, that the Farmers policy accorded no less than the minimum 'PIP' coverage required by ORS 743.800 et seq.

"4. Defendant's injuries have already caused him to incur medical expense in excess of $5,000. Defendant has also undergone income interruption as a result of the accident.

"5. Defendant has made claim against Plaintiff for PIP medical coverage for medical expenses above $5,000 and also for income continuation benefits to commence, if at all, when the maximum 52 week period compensable under Farmers coverage has run out.

"6. Plaintiff has denied all aspects of Defendant's claim.

"7. Farmers Insurance Co. has paid to defendant $5,000 in medical benefits and has informed defendant that its PIP medical benefits coverage of defendant is exhausted. Farmers has also indicated willingness to continue to pay 'income continuation benefits' for a period not to exceed 52 weeks.

"8. Both counsel have examined the legislative materials and hearing tapes at the Oregon State Archives and have found nothing that would shed any light upon legislative intention behind the curious phraseology of ORS 743.810 (1).

"* * * * *."

The issue is whether under ORS 743.810 and the provisions of plaintiff's policy,[1] which contains a clause substantially identical with ORS 743.810 (1), plaintiff may offset against the PIP benefits payable to its insured the PIP benefits collected by its insured under another motor vehicle liability policy that covers the injured person.

Plaintiff's policy was issued, the accident happened and this action was decided on its merits while ORS ch 743, as amended in 1973, was in effect. Therefore, the statutes quoted herein will be those effective before the amendments made in 1975. Oregon Laws 1975, ch 784.

ORS 743.800 required every motor vehicle liability policy issued in Oregon to provide personal injury protection in the amount of $5,000 per person and 70 percent of the loss of income for a period up to 52 weeks. Both plaintiff's policy and the Farmers policy contained an Oregon Automobile Personal Injury Protection Endorsement, as required by ORS 743.800 et seq.

This case turns on the construction of ORS 743.810 (1), which reads as follows:

"Primary nature of benefits. The benefits required by ORS 743.800 with respect to:

"(1) The insured, members of his family residing in the same household and guest passengers injured while occupying the insured motor vehicle shall be *primary,* but such benefits *except for guest passengers* may be

---

[1] "Any amounts payable to or for the benefit of the named insured or any relative shall be reduced or eliminated if they are similarly provided under another motor vehicle liability policy that covers the injured person, or if the injured person is entitled to receive under the laws of this state or any other state or of the United States, Workmen's Compensation benefits or any other similar medical or disability benefits."

reduced or eliminated if they are similarly provided under another motor vehicle liability policy that covers the injured person, or if the injured person is entitled to receive under the laws of this state or any other state or of the United States, workmen's compensation benefits or any other similar medical or disability benefits." (Emphasis added.)

From its terms it is apparent that ORS 743.810 was enacted to specify which policy should provide *primary* coverage and which policy should provide secondary or excess coverage if an injured person was covered by more than one policy. It is agreed by the parties that since defendant was riding as a guest in the Eby automobile, under ORS 743.810(1) the Farmers was the *primary* carrier. Pursuant to this interpretation of the statutes and policies Farmers paid defendant the full amount of its PIP coverage of $5,000 and gave notice to defendant that he would be entitled to income continuation benefits for a period not to exceed 52 weeks under the PIP provisions of Farmers policy.

It will be noted that because defendant was a guest in the Eby automobile Farmers, as the *primary* insurer, could not reduce or eliminate the benefits provided by its policy because of benefits provided under another motor vehicle liability policy, i.e., plaintiff's policy.

After having been provided and promised the full PIP coverage provided by Farmers policy, the defendant pressed a claim against plaintiff for the payment of additional PIP benefits under plaintiff's policy. Plaintiff denied liability and brought this action for declaratory judgment. The trial court found for defendant. We reach the opposite conclusion.

When defendant made claim under his own policy he was not acting as a guest passenger occupying the vehicle insured by Farmers, but was acting as "the insured" under the policy insuring his own vehicle, which was not involved in the accident.

Since defendant was the insured under plaintiff's

policy, plaintiff was entitled under the terms of ORS 743.810 (1) and of its own policy to reduce or eliminate benefits which had been "similarly provided under another motor vehicle liability policy that covers the injured person," to wit: Farmers policy.

The trial court found an ambiguity in the phrase "may be reduced or eliminated," but we find no such ambiguity. We point out that ORS 743.820, which reads as follows:

> "Nothing in ORS 731.418, 743.786 and 743.800 to 743.835 is intended to prevent an insurer from providing more favorable benefits than those required by ORS 743.800.",

contemplates and perhaps encourages insurers to provide and insureds to obtain more favorable benefits, i.e. higher policy limits than the minimum benefits required by ORS 743.800.

We think the phrase "may be reduced or eliminated" simply means that if plaintiff's policy limits were more than $5,000 — for example, $7,500 — that plaintiff's liability could be reduced by the $5,000 paid by Farmers and plaintiff would be liable for the excess portion of its limits, to wit: $2,500. We think the phrase also simply means that in a case such as this, where the limits of both policies are $5,000, that plaintiff's liability under its policy has been eliminated by the Farmers payment of $5,000 to defendant. We think this construction is required by the provisions of ORS 743.810 (1) and as so construed makes plain the relative responsibility of the *primary* insurer — i.e. the insurer of the motor vehicle involved in the accident, and the secondary or excess carrier which also insures the injured person as an insured.

We note that ORS ch 743 was amended by Oregon Laws 1975, ch 784, and that the statutes as amended, if applied to a case such as this, may require a different result.

For the reasons set out above, this case is reversed and remanded for the entry of a judgment for plaintiff.